KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>JOSE HEREDIA-GUZMAN (1),<br>JUAN VASQUEZ-MENDOZA (2),<br>RAMON GALLARDO-SAMANO (3),<br><br>Defendants. | CRIM. CASE NO.   07CR3353-JM<br><br>DATE:   January 4, 2008<br>TIME:    11:00 a.m.<br><br>Before Honorable Jeffrey T. Miller<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery.

**I**

**STATEMENT OF THE CASE**

On December 12, 2007, a federal grand jury in the Southern District of California returned a seven count Indictment charging defendants Jose Heredia-Guzman, Juan Carlos Vasquez-Mendoza and Ramon Gallardo-Samano with one count of conspiracy to bring in illegal aliens into the United States for financial gain in violation of Title 8, United States Code, Section 1324 (a)(2)(B)(ii) and Title 18,

1  United States Code, Section 371, three counts of bringing in illegal aliens for financial gain and aiding
2  and abetting, in violation of Title 8, United States Code, Section 1324 (a)(2)(B)(ii) and Title 18, United
3  States Code, Section 2 and three counts of transporting and moving illegal aliens within the United
4  States and aiding and abetting, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii)
5  and (v)(II). Defendants were arraigned on the Indictment on December 13, 2007, and entered a plea
6  of not guilty.

## II

## STATEMENT OF FACTS

**A.    The Smuggling Offense**

On November 13, 2007, at approximately 6:00 p.m., Border Patrol Agent Stephen Carter was operating the Remote Video Surveillance System (RVSS) observed a group of suspected illegal aliens raft across the Briar Canal. This area is located several hundred yards to the west of the Calexico East Port of Entry. Agent Carter continued to observe the group and informed other agents that the group had rafted across the Briar Canal and ran north through the agricultural fields towards Carr Road.

Initially, Agent Vega-Torres and Agent Harrington positioned themselves in an area several hundred yards east of the group. However, as Agent Vega-Torres drove towards the area where the group of illegal aliens were last seen, he noticed that he was traveling behind a green Ford Crown Victoria ("the vehicle"), bearing California license plate 5XOB771. When the vehicle turned westbound on Carr Road, Agent Vega-Torres noticed that the vehicle was traveling in a circle. Agent Vega-Torres followed the vehicle as it traveled westbound to Barbara Worth Road. When the vehicle turned north on Barbara Worth Road, Agent Vega-Torres remained near the intersection of Carr Road and Barbara Worth Road.

Meanwhile, Agent Harrington observed the group of suspected illegal aliens run north through the fields and then lie down a short distance south of Carr Road. Agent Vega-Torres then observed a white Ford Aerostar van ("the van") turn onto Carr Road and travel towards the group of suspected illegal aliens. Agent Harrington then observed the van pass the group's location and continue to drive eastbound on Carr Road. Minutes later, Agent Vega-Torres observed the van once again drive towards

the group's location. At approximately the same time, Agent Harrington once again observed the Crown Victoria pass his location on Carr Road.

The van and the vehicle passed each other, traveling in opposite directions on Carr Road. The vehicle continued to drive westbound towards Agent Vega-Torres. The van pulled to the side of the road and stopped near the group. Both Agent Carter, who was still operating the RVSS, and Agent Harrington observed the group enter the van. Border Patrol agents began to follow the van and shortly thereafter, activated their emergency lights and sirens to stop the van. The driver of the van, later identified as defendant Jose Heredia-Guzman, ignored the lights and sirens and continued westbound on Interstate 8. A controlled tire deflation device was used to stop the van. However, defendant Heredia-Guzman continued to drive the van and then moved to the passenger seat of the van while it was still moving. Eventually, the disabled van rolled to a stop one foot away from a large wooden post.

Border Patrol agents approached the van and identified themselves. Agent Harrington made contact with defendant Heredia-Guzman, who was seated in the front passenger seat. Defendant Heredia-Guzman stated that he was a citizen of Mexico without any immigration documents to allow him to be in the United States. Nine other individuals were found crouched down in the rear portion of the van. All nine individuals stated they were citizens of Mexico without any immigration documents that would allow them to be in the United States. All the individuals were arrested and transported to the Calexico Border Patrol Station.

Meanwhile, Agent Vega-Torres began to follow the Crown Victoria after it passed him on Carr Road. The vehicle zig-zagged back and forth on the lightly traveled road until it ultimately entered Interstate 8 and drove passed the location where the other agents had apprehended the van. Agent Vega-Torres and Agent Mills conducted a stop of the vehicle. The agents made contact with the driver of the vehicle, later identified as defendant Gallardo-Samano. Defendant Gallardo-Samano claimed to be a citizen of Mexico without any immigration documents that would allow him to be in the United States. Defendant Gallardo-Samano was arrested and transported to the Calexico Border Patrol Station.

### 1. Defendant Heredia-Guzman's Statement of the Offense

At approximately 10:09 p.m., Agent Vega-Torres advised defendant Heredia-Guzman of his Miranda rights, which he acknowledged and waived. Heredia-Guzman again stated that he was a citizen of Mexico without any immigration documents. Heredia-Guzman admitted that he illegally entered the United States five days prior to his arrest. Once in the United States, Heredia-Guzman met with a smuggler named "Cholo." Cholo offered to transport Heredia-Guzman to Indio, California for $1500. Since Heredia-Guzman did not have the money to pay the smuggling fee, he agreed to "drive" for Cholo in lieu of the smuggling fee.

Heredia-Guzman was taken to Indio, California where he was then given keys to the white van. The smugglers instructed Heredia-Guzman to drive back to the Walmart in Calexico, California. He arrived at the Walmart at approximately 5:00 p.m. on November 13, 2007. Once there, he received a phone call on his cellular phone and was instructed to pick up the illegal aliens. Heredia-Guzman was given directions as to where to pick up the illegal aliens. The first time he drove passed the location, he did not see the group. When he made the second trip, someone called him on his phone and told him where to stop the van. When he stopped, approximately seven individuals entered the van.

Once he picked up the aliens, he began to drive towards El Centro, California. Heredia-Guzman admitted that he did not stop the van when he saw the agents' lights and sirens or after he felt the van's tires deflating. Instead, Heredia-Guzman admitted that he moved to the passenger seat of the van while it was still in motion and instructed the smuggled aliens not to tell the agents that he was driving the van.

### 2. Defendant Vasquez-Mendoza's Statement of the Offense

At approximately 11:44 p.m., Agent Vega-Torres advised defendant Vasquez-Mendoza of his Miranda rights, which he acknowledged and waived. Vasquez-Mendoza again stated that he was a citizen of Mexico without any immigration documents. Vasquez-Mendoza also admitted that he guided eight illegal aliens into the United States and that he was to receive $50.00 for each alien.

Vasquez-Mendoza stated that he led the group across canals and eventually to the loading spot where they were picked up by the van. The driver of the van opened the door and instructed them to

get inside the van and to sit down. Vasquez-Mendoza realized that they were being followed when he heard the sirens and saw the lights. Vasquez-Mendoza further stated that after the van's tires had popped, the driver of the van got out of the driver's seat. The van kept moving without a driver and eventually came to a stop.

### 3. Defendant Gallardo-Samano's Statement of the Offense

At approximately 12:20 a.m. on November 14, 2007, Agent Vega-Torres advised defendant Gallardo-Samano of his Miranda rights, which he acknowledged and waived. Defendant Gallardo-Samano stated that he was a citizen of Mexico and that he had a border crosser card which was stolen in May of 2007.

Gallardo-Samano stated that he had illegally entered the United States approximately two months. On November 13, 2007, he had an argument with his girlfriend and decided to go to Mexicali. He drove to the Walmart in Calexico. Once there, he called his girlfriend and asked her to go to Mexico with him. She agreed and they had planned to meet at the Walmart. Gallardo-Samano further claimed that he drove around the area surrounding the Calexico East Port of Entry to waste time while he waited for his girlfriend to arrive.

Gallardo-Samano denied any involvement in the smuggling offense.

### 4. Cellular Phones

One cellular phone was seized from defendant Heredia-Guzman and one cellular phone was seized from defendant Gallardo-Samano. Agents compared the numbers from both phones and discovered that the two phones had four common numbers in their list of contacts. Defendant Gallardo-Samano's phone showed that he had contact from three of these four numbers during the time he claimed to be waiting for his girlfriend.

### 5. Material Witnesses' Statements

Three illegal aliens from the van were retained as material witnesses – Martin Sanchez-Campos, Juan Ramon Yupit-Chac and Nocaora Moreno-Koh. Each provided a videotaped statement, in which they admitted to being citizens and nationals of Mexico with no legal right to enter or reside in the United States. Sanchez-Campos stated that he was going to pay $2300 to be smuggled to New York. Yupit-Chac stated that he was going to pay an unknown amount to be smuggled to Los Angeles,

California. Moreno-Koh stated that her husband was going to pay a fee for her to be smuggled into the United States.

### III

### GOVERNMENT'S MOTION

**A.    MOTION FOR RECIPROCAL DISCOVERY**

    **1.    RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled

    **2.    RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set

by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## **CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motion be granted.

DATED: December 29, 2007

                                        Respectfully Submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/ Luella M. Caldito

                                        LUELLA M. CALDITO
                                        Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE HEREDIA-GUZMAN (1),<br>JUAN VASQUEZ-MENDOZA (2),<br>RAMON GALLARDO-SAMANO (3),<br><br>Defendants. | )  Criminal Case No.  07CR3353-JM<br>)<br>)<br>)  **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

    I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action.  I have caused service of GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT HEREDIA-GUZMAN AND DEFENDANT GALLARDO-SAMANO'S MOTION TO (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE AND (2) GRANT LEAVE TO FILE FURTHER MOTIONS.
 on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    **Frank A. Balistrieri, Counsel for Defendant Jose Heredia-Guzman;**
    **Zandra Lopez, Counsel for Defendant Juan Vasquez-Mendoza;**
    **Joseph Milchen, Counsel for Defendant Ramon Gallardo-Samano**; and
    **Wayne Mayer, Counsel for the Material Witnesses**

    I declare under penalty of perjury that the foregoing is true and correct. Executed on December 29, 2007.

                                    s/ Luella M. Caldito

                                    LUELLA M. CALDITO